UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PABLO JOSE MENDOZA,<br>Defendant. | Case No. 10-cr-00301-BLF-11<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>[Re: ECF 523] |

Defendant Pablo Jose Mendoza ("Mendoza") has filed a motion for early termination of supervised release. *See* Mot., ECF 523. At the request of the Court, Plaintiff United States of America ("the Government") and the U.S. Probation Office ("Probation") have filed responses to the motion. Both the Government and Probation oppose early termination of Mendoza's supervised release. *See* Gov't Opp., ECF 532; Probation Letter, ECF 528.

Mendoza's motion is DENIED for the reasons set forth below. The Court need not hold a hearing before denying a motion for early termination of supervised release. *See* Fed. R. Crim. P. 32.1(c)(1) (hearing required only if court is modifying conditions of supervised release); *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021) (affirming district court's denial of motion for early termination of supervised release, without a hearing).

**I.  BACKGROUND**

Mendoza was arrested as a result of a federal, state, and local law enforcement investigation into a drug trafficking organization operating in and around Salinas, California. *See* Crim. Compl. at 4, ECF 1. Through the use of wiretaps, investigators identified Mendoza as a source of the narcotics supply, which included cocaine. *See id.* Ultimately, twelve individuals

were charged with conspiracy, distribution, and possession offenses in a Superseding Indictment filed on May 6, 2010.  *See* Superseding Indictment, ECF 47.

On April 12, 2011, Mendoza pled guilty to Count 11 of the Superseding Indictment, Possession With Intent to Distribute 5 Kilograms of Cocaine or More, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii).  *See* Minute Order, ECF 173; Plea Agreement, ECF 175.  District Judge D. Lowell Jensen, to whom the case was assigned at that time, sentenced Mendoza to a 132-month term of imprisonment followed by a 5-year term of supervised release, and ordered Mendoza to pay a $100 monetary penalty.  *See* Judgment, ECF 225.  The case was reassigned to the undersigned judge on December 5, 2014.  *See* Order Reassigning Case, ECF 317.  On September 24, 2015, this Court granted a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), reducing Mendoza's term of imprisonment to 120 months.  *See* Order, ECF 359.

Probation reports that Mendoza has served his prison term and has completed approximately three and a half years of his five-year term of supervised release.  *See* Probation Letter, ECF 528.  He is forty years old and has maintained a stable residence in San Jose, California since his release.  *See id.*  He has paid his monetary penalty and has been in compliance with all other conditions of supervision.  *See id.*  Mendoza currently has two jobs in San Jose, California.  *See id.*  He works for Royal Prestige Cookware, delivering high quality cookware to restaurants and private homes, and he also works for 132 Motor Club, Inc.  *See id.*; *see also* Mot. at 2 & Exh. 5.  Mendoza has submitted letters from both employers, praising him for being reliable and hard-working.  *See* Mot. Exh. 5.

**II.    LEGAL STANDARD**

A district court may, after considering a specified subset of the sentencing factors enumerated in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  The Ninth

Circuit recently clarified in *Ponce* that the district court need not find undue hardship or exceptional circumstances to terminate supervised release. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

Section 3583(e) identifies the following eight sentencing factors as relevant to the decision whether to terminate supervised release: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); (2) the need for the sentence "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); (3) the need for the sentence "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); (4) the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D); (5) "the kinds of sentence and the sentencing range established for" similar offenses, § 3553(a)(4); (6) "any pertinent policy statement" issued by the Sentencing Commission, § 3553(a)(5); (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6); and (8) "the need to provide restitution to any victims of the offense," § 3553(a)(7). *See* 18 U.S.C. § 3583(e). The district court need not discuss every statutory factor, but it must provide an explanation for its ruling that is sufficient to permit meaningful appellate review. *See Emmett*, 749 F.3d at 821.

**III.   DISCUSSION**

Mendoza argues that the interest of justice would be served by granting him early termination of supervised release. He submits certificates showing that he has completed multiple training and counseling courses, and has done volunteer work at Second Harvest of Silicon Valley. *See* Mot. Exhs. 3, 5. As noted above, he also works two jobs. *See* Mot. Exh. 5. During Mendoza's non-work hours, he spends much of his time caring for his sixty-four year old mother, who suffers from diabetes, and also for his ninety-four year old grandmother, who suffers from arthritis. *See* Mot. at 3. His mother has submitted a letter describing all the ways in which he helps her with medical care and otherwise. *See* Mot. Exh. 5. Mendoza's mother and grandmother recently relocated to Nevada. *See* Mot. at 4. Mendoza plans to move to Nevada so that he can continue taking care of his mother and grandmother. *See id.* Mendoza is in a relationship with the

1    mother of his two-year-old son, both of whom will move to Nevada with Mendoza and live with
2    him there. *See id.* Mendoza states that he can obtain training at trucking schools and companies
3    in Nevada, near where his mother and grandmother live, and thereafter can work transporting
4    commodities such as oil and fuel. *See id.* He requests early termination of supervised release so
5    that he can "begin that chapter in his life." *Id.*

6        Probation opposes Mendoza's motion for early termination of supervised release. *See*
7    Probation Letter at 4. Probation states that Mendoza "was a leader in the conspiracy and managed
8    the distribution of cocaine, methamphetamine, and marijuana which ranged from approximately
9    500 to 8,634 grams." *Id*. Probation states further that "Mr. Mendoza possessed the drugs with the
10   purpose of selling it to others," and that "[a]s part of the conspiracy, Mr. Mendoza stored the drugs
11   in an apartment rented by his co-defendant and paid his co-defendant to protect and sell the
12   drugs." *Id*. While recognizing that Mendoza has been compliant with the conditions of
13   supervised release, has paid his monetary penalty, and has been responsive to requests from the
14   Probation Officer, Probation states that "given the nature and circumstances of the underlying
15   offense, the Probation Office does not support this motion for early termination of Mr. Mendoza's
16   supervised release at this time." *Id*.

17       The Government also opposes the motion. The Government states that it appears Mendoza
18   has lived in Santa Clara County his entire life, aside from periods of incarceration. *See* Gov't
19   Opp. at 3. In the Government's view, it would be prudent from Probation to monitor Mendoza's
20   activities, social associations, and employment as he transitions to a new life in another state. *See*
21   *id.* The Government suggests that Probation can assist Mendoza to find new employment in
22   Nevada if he stays on supervised release. *See id.* The Government also asserts that continued
23   supervision may prevent Mendoza from backsliding, and thereby protect the community. *See id.*
24   Finally, the Government opines that continued supervision will not negatively impact Mendoza's
25   ability to work or establish a new life in Nevada. *See id.* The Government urges the Court to
26   deny the current motion, but suggests that Mendoza could renew the motion after he has been in
27   Nevada for six months. *See id.* at 1.

28       Having considered the briefing and evidence, and the relevant legal authorities, the Court

finds that early termination of supervised release is not warranted.  The Court acknowledges and applauds Mendoza's endeavors and accomplishments since his release from prison, and in particular his desire to care for his family.  However, the Court finds that several of the relevant § 3553(a) factors weigh against termination of supervision at this time.  With respect to "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the Court observes that Mendoza played a substantial role in a complex drug trafficking scheme that involved significant quantities of cocaine.  While he has done well on supervision, prudence dictates continued supervision to ensure Mendoza's smooth transition to a new state, new living situation, and new employment without relapsing into his former criminal lifestyle.  Continued supervision during and after Mendoza's move to Nevada will aid in "afford[ing] adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B).  Continued supervision also will aid in "protect[ing] the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C).

It does not appear from this record that continued supervision would impede Mendoza's goals to move to Nevada, obtain training and employment there, and provide care for his family.  Weighing the important interests that would be served by continued supervision against the minimal impact, if any, that supervision would have on Mendoza's stated goals, the Court finds that early termination of supervised release is not in the interest of justice at this time.  The Court therefore will deny the motion.  The Court notes the Government's suggestion that Mendoza renew his motion after he has been settled in Nevada for six months.  The Court finds that suggestion to be reasonable.

At this time, however, Mendoza's motion for early termination of supervised release is DENIED.

## IV.  ORDER

(1) Defendant Mendoza's motion for early termination of supervised release is DENIED.

(2) This order terminates ECF 523.

Dated:  July 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge